IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT THOMAS MAYS,              :
                                 :
    Petitioner,                  :
                                 :
vs.                              :     CIVIL ACTION 10-0028-WS-M
                                 :
CARTER F. DAVENPORT,             :
                                 :
    Respondent.                  :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time barred. In the alternative, it is recommended that Mays has procedurally defaulted on three of his six claims and that the other three claims are without merit and that judgment be entered in favor of Respondent Carter F. Davenport and against Petitioner Robert Thomas Mays pursuant to 28 U.S.C. § 2244(d). It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not

1

entitled to appeal *in forma pauperis*.

Petitioner was convicted of murder in the Cullman County Circuit Court on December 15, 2005 for which he received a sentence of ninety-nine years in the state penitentiary (Doc. 1). On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 17, Exhibit H). Mays sought rehearing by that Court, but his application was overruled (Doc. 17, Exhibit J). On May 11, 2007, the Alabama Supreme Court denied his petition for *certiorari* and entered a certificate of final judgment on the conviction (Doc. 17, Exhibit L).

Petitioner filed a Rule 32 petition on April 25, 2008 (Doc. 18, Exhibit M, pp. 36-65). The Circuit Court Judge denied the petition (*id.* at pp. 23-24). On November 24, 2008, the Alabama Court of Criminal Appeals affirmed the denial and issued a certificate of judgment on the Rule 32 petition (Doc. 18, Exhibits S, T).

Mays filed a second Rule 32 petition on December 2, 2008 (Doc. 18, Exhibit U, pp. 33-38; *see* Doc. 16, pp. 9-10); the petition was denied (Doc. 18, Exhibit U, p. 23). The Alabama Court of Criminal Appeals affirmed the denial and overruled the petition for rehearing (Doc. 18, Exhibits Y, AA). On February 12, 2010, the Alabama Supreme Court denied *certiorari* and issued a certificate of judgment (Doc. 18, Exhibit CC).

Petitioner filed a complaint with this Court on January 13, 2010[1] raising the following claims: (1) His attorney rendered ineffective assistance in that he: (a) failed to show that the search warrant affidavit contained false information; (b) failed to establish Mays's standing to challenge the search of his truck; (c) failed to object to the introduction of shotgun chokes and their chain of custody; (d) failed to object to the introduction of a shotgun manual at trial; (e) failed to object to the introduction of a shotgun box at trial; (f) failed to question where a black spiral notebook had been found; (g) did not object to the use of a witness, Johnny Hilton, who was not on the State's witness list; (h) did not effectively question the testimony of an investigator regarding the victim and his giving false testimony; (i) failed to make proper objections to certain testimony; (j) did not object to the trial court's failure to give a proper jury instruction; (k) failed to object to the State's delaying the trial with the forensics evidence; (l) did not object to autopsy evidence; (m) failed to request a jury instruction regarding intoxication; and (n) failed to argue that his client was actually innocent (Doc. 1). Petitioner has also claimed that (2) he is actually innocent of the crime for

---

[1]The Court notes that this action was prematurely filed as Mays had not allowed the State Courts time to fully review his second Rule

which he was convicted; (3) the State intentionally destroyed exculpatory evidence; (4) there is newly discovered evidence that one of the investigating officers was arrested and charged with first degree theft of property; (5) the police engaged in a warrantless search; and (6) the arrest warrant was based on false testimony (Docs. 1, 5).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 16, pp. 12-14). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

---

32 petition before filing this petition.

Petitioner's conviction became final on May 11, 2007, the day the Alabama Supreme Court entered a certificate of final judgment (Doc. 17, Exhibit L).  However, because Mays had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him-- whether he actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  Adding ninety days to May 11, 2007 results in a date of August 9, 2007, meaning that the AEDPA limitations clock began to run the next day, August 10, 2007 and ran for 260 days until April 25, 2008 when Petitioner filed his first Rule 32 petition (Doc. 18, Exhibit M, pp. 36-65).  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

On November 24, 2008, the Alabama Court of Criminal Appeals issued a certificate of judgment on the Rule 32 petition (Doc. 18, Exhibits T).  The AEDPA clock began to run again the next day and ran for 415 days until January 13, 2010, when this action was filed (Doc. 1).  When this period of time, 415 days,

is added to the 260 days that lapsed between the finality of Mays's petition and his filing his Rule 32 action, a total of 675 days had passed.  This exceeds the AEDPA limitations period by more than three hundred days.

Before going any further in this report, the Court notes that Petitioner has asserted that the AEDPA clock stopped again on December 2, 2008 when he filed his second Rule 32 petition (Doc. 43, pp. 1-3).  Characterizing this second petition as an "amendment," Petitioner argues that he was only doing as the Alabama Court of Criminal Appeals directed which was to "make filings in circuit court" (Doc. 18, Exhibit S).

The Court notes, however, that the appellate court did not stay Petitioner's first Rule 32 petition (Doc. 18, Exhibit S).  Rather, the action was dismissed and judgment was entered (Doc. 18, Exhibit T).  Alabama procedural rules state that "[a]mendments to pleadings may be permitted at any stage of the proceedings *prior to the entry of judgment*."  Ala.R.Crim.P. 32.7(b)(emphasis added).  As judgment had been entered, Mays's second petition was a successive petition and not an amendment to the first and so the AEDPA clock continued to run.[2]

Clearly, Petitioner's habeas corpus petition was filed well

---

[2] As will be discussed shortly, however, this is not the final

beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). The Court notes that one of Petitioner's claims is that he is actually innocent of the crime for which he was convicted. Petitioner has offered this as a reason as to why this Court should excuse his tardiness (Doc. 24, p. 4).

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that although Mays provided

---

word on the subject.

an interesting narrative, he offers only assertions of his innocence (Doc. 1, pp. 27-33).  There is no offer of new evidence.  The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented.  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.  Therefore, it is recommended that this action be dismissed as barred by AEDPA.

Having made this recommendation, the Court, nevertheless, acknowledges the untidiness of this decision.  More specifically, the problem arises in that, even though the Alabama Court of Criminal Appeals issued a certificate of judgment in the first Rule 32, that same Court seems to treat the two Rule 32 petitions as one proceeding.  Specifically, when setting out the procedural posture of the action on the appeal of the second Rule 32, the Court, in discussing Mays's first Rule 32, states as follows:  "Mays gave notice of appeal, but then requested this Court to allow him to withdraw his appeal so that he could make further filings in the Circuit Court.  He filed an amended Rule 32 petition . . ." (Doc. 18, Exhibit Y, p. 2).  The Appellate Court goes on to discuss the Circuit Court

findings before reaching its own conclusions, never discussing whether the second petition was successive or even mentioning that a certificate of judgment had been issued in the first (Doc. 18, Exhibit Y). Therefore, even though this Court has determined that this action should be dismissed as time-barred, the Court will, out of an abundance of caution, proceed as though that decision had not been made and will provide an alternative conclusion.

Respondent has also claimed that Petitioner has procedurally defaulted on all of the claims raised in this Court (Doc. 16, pp. 15-19). It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983). However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so

9

that they never had the opportunity to address the claim.  The evidence of record demonstrates the following.

In his first claim, Mays raises fourteen specific instances of ineffective assistance of counsel.  In the direct appeal of his conviction, the Alabama Court of Criminal Appeals found that the claim that "counsel's failure to call any witnesses on his behalf or admit any documentation subpoenaed by the defense" was without merit (Doc. 17, Exhibit H, pp. 7-8).  On the appeal of his second Rule 32 petition, the Appellate Court recalled that finding, going on to hold that other specific grounds of ineffectiveness of counsel were precluded because they could have been raised in his motion for new trial or on appeal, citing Ala.R.Crim.P. 32.2(d)[3] (Doc. 18, Exhibit Y, pp. 3-4).  As all of the particulars of ineffective assistance of counsel raised in this petition were also raised in Petitioner's first Rule 32 petition (Doc. 18, Exhibit M, pp. 45-47),[4] they are all procedurally defaulted under *Harris*.

---

[3]"Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable.  In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition."

[4]Though Respondent has claimed that Mays did not raise the particular that his counsel failed to object to the State's delaying the trial with forensic evidence (*see* Doc. 16, p. 16), the Court finds that it was raised in the first Rule 32 petition (Doc. 18, Exhibit M, p. 47, ¶ 13).

Mays's second claim (that he was actually innocent) is procedurally defaulted under *Harris* because the Alabama Court of Criminal Appeals, in ruling on his second Rule 32 petition, found it precluded under Ala.R.Crim.P. 32.2(a)(5) (Doc. 18, Exhibit Y, p. 4).[5]

Claim three (that the State intentionally destroyed exculpatory evidence) is procedurally defaulted under *Harris* because the Appellate Court, in ruling on the second Rule 32 petition, found that is was precluded under Ala.R.Crim.P. 32.2(a)(3)[6] or 32.2(a)(5) as it could have been raised at trial or on appeal (Doc. 18, Exhibit Y, p. 4).

Respondent has also asserted that Petitioner's fourth claim (that newly discovered evidence shows that one of the investigating officers was arrested and charged with first degree theft of property) is procedurally defaulted. More specifically, Respondent asserts that the claim was not raised in the petition for rehearing following the Alabama Court of Criminal Appeals' denial of Petitioner's second Rule 32 petition (Doc. 16, p. 17, *citing* Doc. 17, Exhibit Z). In *O'Sullivan v.*

---

[5]**Error! Main Document Only.**"A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised on appeal."

[6]"A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised at trial."

*Boerckel*, 526 U.S. 838, 848 (1999), the United States Supreme Court "conclude[d] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

The Court has reviewed Petitioner's application and brief for rehearing before the Alabama Court of Criminal Appeals following that Court's denial of Mays's second Rule 32 petition and finds it illegible (Doc. 18, Exhibit Z). Though Respondent asserts that there is nothing there to indicate that Petitioner was pursuing this particular claim, Mays argues otherwise (Doc. 24, p. 1, *citing* "Exhibit Z, 6 and 7"). Because the Court cannot state, with assurance, that Petitioner did not raise this claim, the Court cannot find that it is procedurally defaulted and will address the merits of the claim.[7]

Respondent has also asserted that claims five (that the police engaged in a warrantless search) and six (that the arrest warrant was based on false testimony) are procedurally defaulted under *Teague* because they were never raised in the State Courts

---

[7]The Court notes that Petitioner clearly raised this claim in his petition for *certiorari* (Doc. 18, Exhibit BB, p. 7) and further notes that Mays, in his *certiorari* petition cites the case *Edgar v. State* (*id.*), which was also cited in his application for rehearing (*see* Doc. 18, Exhibit Z, p. 7), leading the Court to believe that Mays did actually raise this claim in his application for rehearing.

(Doc. 16, p. 18). However, evidence shows that the Alabama Court of Criminal Appeals addressed these issues in the direct appeal of Mays's conviction (Doc. 17, Exhibit H, pp. 1-4). As such, they cannot be considered to be procedurally defaulted.

In summary, the Court finds that Petitioner has procedurally defaulted on his first three claims, but has not defaulted on his final three claims. The Court notes, however, that where the State Courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a

failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The Court has already discussed Mays's assertion of actual innocence, but was not persuaded by it. The Court finds that Petitioner has demonstrated neither cause nor prejudice for failing to raise these three claims in a timely manner in the State courts. Furthermore, Mays has not shown that this Court's failure to discuss the merit of these three claims will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers the first three claims in this Court to be procedurally defaulted and the Court will not address their merit. The Court will now address the merit of the three remaining claims.

Petitioner claims that there is newly discovered evidence that one of the investigating officers was arrested and charged with first degree theft of property. More specifically, Mays assert that the evidence custodian, Mark Maddox, was "arrested on the charge of first degree theft of property, for stealing thousands of dollars in cash/evidence from various cases. These activities also constitute tampering with evidence" (Doc. 1, p. 35). Petitioner asserts that although this arrest took place

following Mays's conviction, his activities can be traced back to the time of his own case (*id.*).

The Court notes that Petitioner has offered no assertions of how Maddox intervened in his own conviction. Mays has provided no proof that there was any evidence tampering in the case that was brought against him or that anything was done which was improper. As the assertions amount to no more than conjecture, the Court finds no merit in this claim.

Mays has also claimed that the police engaged in a warrantless search and that the arrest warrant was based on false testimony (Doc. 5). Petitioner has asserted that these claims were brought before the State Courts (Doc. 5).[8] Evidence demonstrates that the Alabama Court of Criminal Appeals addressed these issues on the direct appeal of his conviction (Doc. 17, Exhibit H, pp. 1-4).

In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that "[w]here the state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional

---

[8]The Court finds, that to the extent that these claims do not mirror the claims Mays raised in the State Courts, they are procedurally defaulted under *Teague*, as asserted by Respondent, as they were not raised in the State Courts.

search or seizure was introduced at his trial." Because Petitioner's claims relate solely to an alleged fourth amendment violation, and because these claims were fully litigated in State Courts, habeas corpus relief is not available.

After examining this petition, the Court recommends that this action be dismissed as barred by the statute of limitations of AEDPA. In the alternative, it is recommended that the first three claims raised in this action are procedurally barred by *Harris* as Mays did not timely present them to the State Courts for their consideration; that the final three claims raised in this action are without merit; and that judgment be entered in favor of Respondent Carter F. Davenport and against Petitioner Robert Thomas Mays pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1).

A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. As Mays did not file this action in a timely manner under AEDPA and failed to raise three of his claims in timely fashion in the State Courts, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Mays should be allowed to proceed further. *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further."). Furthermore, as the Court has found that Mays has failed to assert sufficient facts to support a claim of constitutional error in the final three claims of this action, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Mays will not be able to make that showing.

## **CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for

challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of November, 2011.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE